JUDGE HOLWELL

08 CV 7279

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARY LA BARBERA, THOMAS GESUALDI,           *
LOUIS BISIGNANO, ANTHONY PIROZZI,           *
DOMINICK MARROCCO, FRANK FINKEL             *
JOSEPH FERRARA, MARC HERBST,                *
THOMAS PIALI and DENISE RICHARDSON,         *
as Trustees and Fiduciaries of the Local 282 *
Pension Trust Fund,                         *
                                            *
                        Plaintiffs,         *
                                            *
         - against -                        *
                                            *
WJC CONSTRUCTION CORP. and CROSS            *
COUNTRY CONSTRUCTION LLC                    *
                                            *
                        Defendants.         *
------------------------------------------------------------X



## COMPLAINT

The Trustees and Fiduciaries (the "Trustees" or "Plaintiffs") of the Local 282 Pension Trust Fund (the "Fund"), by their attorneys Friedman & Wolf, allege as follows:

## JURISDICTION

1.      This is an action to recover withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461 ("ERISA"). Subject matter jurisdiction is invoked pursuant to ERISA §§ 502(e) and 502(f), 29 U.S.C. §§ 1132(e) and 1132(f), and ERISA § 4301(c), 29 U.S.C. § 1451(c).

## VENUE

2.      This court is one of proper venue pursuant to ERISA §§ 502(e)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2) and 1451(d), since Defendants have their principal place of business within this District.

## PARTIES

3.      Plaintiffs are the Trustees and Fiduciaries, and the plan sponsor, of the Local 282 Pension Trust Fund, which was and is a joint labor-management trust fund and multiemployer employee benefit plan, with its offices located in Lake Success, New York. The Fund is a multiemployer plan within the meaning of ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3), and was created and is maintained for the purpose of collecting and receiving contributions and providing pension benefits to eligible participants in accordance with an Agreement and Declaration of Trust (the "Local 282 Trust Agreement" or "Trust Agreement") and numerous collective bargaining agreements between Local 282, an employee organization representing employees engaged in commerce, and numerous employers engaged in activities affecting commerce. Numerous employers are required by the collective bargaining agreements to contribute to the Fund.

4.      Defendant WJC Construction Corp. ("WJC") is a New York corporation that maintained a business at all times relevant to this action at 245 East 87th Street, New York, New York, 10028 and 3 West Main St. #104, Elmsford, New York, 10523.

5.      Defendant Cross Country Construction LLC ("Cross Country") is a New

2

York corporation that maintained a business at all times relevant to this action at 245 East 87th Street, New York, New York, 10028 and 3 West Main St. #104, Elmsford, New York, 10523.

## FIRST CAUSE OF ACTION
## WITHDRAWAL LIABILITY OF WJC

6.      Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 5.

7.      At all relevant times, WJC was a party to and bound by a series of collective bargaining agreements with Local 282. Pursuant to these agreements, WJC was obligated to pay and in fact did pay contributions to the Fund on behalf of employees covered by said agreements.

8.      As of September 2006, WJC permanently ceased all contributions to the Fund. Pursuant to ERISA § 4203(a), 29 U.S.C. § 1383(a), such permanent cessation of all contributions to the Fund constitutes "complete withdrawal" from the Fund.

9.      Pursuant to ERISA § 4201, 29 U.S.C. § 1381, WJC is obligated to pay withdrawal liability to the Fund for its proportionate share of the Fund's unfunded vested benefits. In accordance with ERISA § 4211, 29 U.S.C. § 1391, and the applicable provisions of the Trust Agreement, the Fund calculated WJC's withdrawal liability to be $34,302.

10.     By letter dated March 19, 2008, in accordance with ERISA § 4219(b)(1), 29 U.S.C. § 1399(b)(1), and Article XI, Section 5(c)(1) of the Trust Agreement, the Fund sent WJC a written demand for payment of its withdrawal liability and informed WJC that it could amortize payments in seventeen (17) consecutive monthly installments of $2,0172.21 per month, starting April 1, 2008, plus a final payment of $982.89. The demand also

100902

directed WJC to ERISA § 4219, 29 U.S.C. § 1399, for a description of WJC's rights in connection with the Fund's assessment of withdrawal liability, including the statutory provisions that contain the time limits for challenging the assessment.

11. WJC failed to make the initial monthly payment of $2,017.21 due on April 1, 2008. The Fund notified WJC of its delinquency by letter dated April 8, 2008. By that letter, the Trustees also informed WJC that if it failed to cure its default within sixty (60) days, the entire amount of withdrawal liability would be accelerated and immediately due and owing. Even after this notice, to date, WJC has not made the initial monthly payment or any other payments.

12. By letter dated April 10, 2008, WJC, through counsel, requested that the Trustees review and reconsider the assessment of withdrawal liability.

13. The Trustees upheld their assessment of withdrawal liability. Pursuant to ERISA § 4219(b)(2)(B), 29 U.S.C. § 1399(b)(2)(B), by letter dated April 25, 2008, the Trustees notified WJC of their determination and the basis of their decision and again demanded payment.

14. WJC failed to initiate arbitration as required by ERISA Section 4221(a)(1), 29 U.S.C. § 1401(a)(1), within a 60-day period after the Fund's April 25, 2008 notice.

15. Because "no arbitration proceeding has been initiated pursuant to [29 U.S.C. § 1401(a)], the amounts demanded by the plan sponsor under section 1399(b)(1) of this title shall be due and owing on the schedule set forth by the plan sponsor. The plan sponsor may bring an action in a State or Federal court of competent jurisdiction for collection." 29 U.S.C. § 1401(b)(1).

16. By failing to make its monthly withdrawal liability payments within sixty

(60) days of receiving the April 8, 2008 notice, WJC defaulted on its withdrawal liability obligations to the Fund under the provisions of ERISA § 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), and Article XI, Section 5(d)(1)(C) of the Trust Agreement. The entire outstanding balance of withdrawal liability ($34,302), plus interest running from April 1, 2008, is therefore due and owing pursuant to ERISA §§ 4219(c)(5) and 4301(b), 29 U.S.C. §§ 1399(c)(5) and 1451(b), and ERISA § 515, 29 U.S.C. § 1145.

17. Pursuant to ERISA §§ 502(g)(2)(B), 4219(c)(5) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(5) and 1451(b), and 29 C.F.R. § 419.32, the Fund is entitled to receive interest on delinquent withdrawal liability payments from April 1, 2008, to the date judgment is entered. Article XI, Section 5(d) of the Trust Agreement provides that "[i]nterest shall be charged on any amount in default from the date payment was due to the date it is paid at an annual rate equal to the prime rate charged by the Bank of New York on the first day of the calendar quarter preceding the due date of the payment . . . [f]or each succeeding 12-month period that any amount in default remains unpaid, interest shall be charged on the unpaid balance . . . at the prime rate in effect on the anniversary date of the date as of which the initial interest rate was determined."

18. In accordance with Article XI, Section 5(e) of the Trust Agreement and ERISA §§ 502(g)(2)(C)-(D) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(C)-(D) and 1451(b), WJC is obligated to pay the greater of liquidated damages of twenty percent (20%) of the unpaid amount due and owing, or additional interest in the amount set forth in paragraph 17 above, plus costs and attorneys' fees.

100902

## SECOND CAUSE OF ACTION
## CROSS COUNTRY SUCCESSOR LIABILITY

19. Cross Country is a party to a collective bargaining agreement with Local 282 and employs at least one employee for whom contributions to the Fund are required by the collective bargaining agreement.

20. WJC ceased all operations and ceased to employ any employees in September 2006.

21. In September 2006, WJC transferred its one employee, Anthony Bonomo, a Local 282 member, to Cross Country.

22. Mr. Bonomo immediately began performing the same work in Covered Employment for Cross Country that he had performed for WJC.

23. Cross Country continued the operations of WJC.

24. Cross Country performs the same type of work and has the same business purpose as WJC.

25. Cross Country operates out of the same location as WJC.

26. WJC is owned one third each by James Costigan, Sondra Feter, and the Estate of Peter Jorgensen.

27. Cross Country is owned fifty percent each by Lawrence Lane and Thomas Costigan.

28. James Costigan of WJC is the father of Thomas Costigan of Cross Country.

29. WJC and Cross Country have common ownership by familial relationship.

30. James Costigan is also on the payroll of Cross Country as a consultant.

100902

31. WJC's officers are Lawrence Lane, President and James Costigan, Secretary.

32. Cross Country's officers are Lawrence Lane, President and James Costigan, Secretary.

33. The management and supervisors of Cross Country are the same as those for WJC.

34. Upon information and belief, the same person(s) that handled labor relations for WJC continued to handle them for Cross Country.

35. Cross Country had notice of WJC's withdrawal liability.

36. Cross Country and WJC are represented by the same attorneys. The April 10, 2008 letter challenging the withdrawal liability assessment was sent to the Fund jointly on behalf of both WJC and Cross Country.

37. Pursuant to the facts of this matter and relevant law, Cross Country is a successor to WJC.

38. As a successor to WJC, Cross Country is jointly and severally liable with WJC for all sums owed to the Trustees by WJC, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request judgment against WJC and Cross Country (collectively, "Defendants") as follows:

100902

A.  Finding Defendants jointly and severally liable to the Fund for withdrawal liability in the amount of $34,302, pursuant to ERISA §§ 4219(c)(5) and 4301(b), 29 U.S.C. § 1399(c)(5) and 1451(b), and ERISA § 515, 29 U.S.C. § 1145; and

B.  Finding Defendants jointly and severally liable to the Fund, in accordance with ERISA §§ 502(g)(2)(B), 4219(c)(5) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(5), 1399(c)(6), and 1451(b), and 29 C.F.R. § 4219.32, and the provisions of the Trust Agreement, for interest on the balance of its unpaid withdrawal liability from April 1, 2008, until the date on which judgment is entered; and

C.  Finding Defendants jointly and severally liable to the Fund, in accordance with ERISA §§ 502(g)(2)(C) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(C) and 1451(b), and Article XI, Section 5(e) of the Trust Agreement, for the greater of liquidated damages in the amount of twenty percent (20%) of its outstanding withdrawal liability, or additional interest in an amount equal to the interest described above; and

D.  Finding Defendants jointly and severally liable to the Fund for reasonable attorneys' fees and costs, in accordance with ERISA §§ 502(g)(2)(D) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(D) and 1451(b), in an amount to be determined by the Court upon subsequent application by the Plaintiffs.

E.  Such other and further equitable relief as this Court deems appropriate.

Dated: New York, New York
August 14, 2008

By: _____
Erinn Weeks Waldner (EW-0330)

FRIEDMAN & WOLF
1500 Broadway, Suite 2300
New York, NY 10036
(212) 354-4500

Attorneys for Plaintiffs

100902